# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ARDELL SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CDC CORCORAN STATE PRISON,<br><br>    Defendant. | 1:14-cv-00805-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### I.     Screening Requirement and Standard

Plaintiff Kenneth Ardell Smith ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on May 27, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

### First Cause of Action

On July 20, 2009, Plaintiff was moved from general population and housed in Administrative Segregation by Defendant Fisher. Plaintiff was unable to sleep properly and was traumatized by Defendant Fisher. Plaintiff complained that life was hard to deal with and he had no charges.

### Second Cause of Action

Defendant refused to provide appropriate housing for Plaintiff. Plaintiff spent 60 days in house and was very uncomfortable. He suffered brain burns and difficulty seeing.

### Third Cause of Action

Correctional Lieutenant Commander Riverio housed Plaintiff in a cell to cause Plaintiff more problems. Plaintiff had three total moves to different cells. The filthy cells injured Plaintiff's mind, eyes and skin complexion. Defendant Riverio failed to protect Plaintiff from

harm and humiliated Plaintiff about his past security beliefs.  Plaintiff's complaint ended after 50 to 60 days when he was returned to general housing.

Fourth Cause of Action

On July 4, 2009, Plaintiff reported that an inmate hit him from behind.  Plaintiff was injured to his left front tooth, along with cuts and a busted mouth.  Officer Garcia falsely gave Plaintiff a CDC 115 disciplinary report.

**III.     Deficiencies of Complaint**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable claim.  However, Plaintiff will be given an opportunity to amend his complaint.  To assist Plaintiff with his amendment, Plaintiff is provided with the applicable pleading and legal standards.  Plaintiff should amend only those claims that he believes, in good faith, state a cognizable claim for relief.

**A.  Pleading Standards**

**1.    Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Here, Plaintiff's amended complaint is short, but is difficult to read and understand.  The complaint does not set forth sufficient facts to state a claim for relief that is plausible on its face.  Plaintiff's complaint contains disjointed phrases and conclusory statements.  If Plaintiff chooses to amend his complaint, he should briefly and clearly state the facts giving rise to his claims for relief against the named defendants.

///

### 2. Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Here, Plaintiff attempts to bring suit against multiple defendants for different incidents at different times. For example, Plaintiff complains about his placement in Administrative Segregation while simultaneously complaining about a false disciplinary write up. It is unclear if these allegations are related. Plaintiff may not pursue unrelated claims against different defendants in a single action. If Plaintiff chooses to file an amended complaint and it fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### 3. Eleventh Amendment Immunity

Plaintiff names Corcoran State Prison as a defendant. Plaintiff may not sustain an action against a state prison. The Eleventh Amendment "'erects a general bar against federal lawsuits brought against the state.'" Wolfson v. Brammer, 616 F.3d 1045, 1065–66 (9th Cir.2010) (quoting Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)). As Corcoran State Prison is a part of the California Department of Corrections and Rehabilitation, which is a state agency, it is entitled to Eleventh Amendment immunity from suit. E.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n. 1 (9th Cir. 2012).

///

///

**B. Legal Standards**

    **1. Administrative Segregation**

The basis of Plaintiff's complaint regarding his placement in administrative segregation is unclear. To the extent Plaintiff is complaining about the lack of charges, it appears he is complaining about denial of due process.

With respect to placement in administrative segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (quotation marks omitted), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995); accord Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. Toussaint, 801 F.2d at 1100-01 (quotation marks omitted). Further, due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation. Id. (quotation marks omitted).

Plaintiff has not included sufficient facts to support a due process claim. Although he alleges a lack of charges, he has not provided any factual details regarding his placement in administrative segregation to state a cognizable claim. Plaintiff will be given leave to cure this deficiency.

    **2. Conditions of Confinement**

Plaintiff appears to complain about the filthy conditions of the cells in Administrative Segregation. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)) (quotation marks omitted).

1  While conditions of confinement may be, and often are, restrictive and harsh, they must not
2  involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes,
3  452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate
4  penological purpose or contrary to evolving standards of decency that mark the progress of a
5  maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and
6  citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002);
7  Rhodes, 452 U.S. at 346.

8        Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,
9  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th
10 Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains
11 while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks
12 omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials
13 were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer,
14 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151–52 (9th Cir. 2010); Foster v. Runnels,
15 554 F.3d 807, 812–14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731;
16 Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998). A prisoner's claim does not rise to the level
17 of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the
18 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
19 deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
20 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

21       Deliberate indifference requires a showing that "prison officials were aware of a
22 "substantial risk of serious harm" to an inmate's health or safety and that there was no
23 "reasonable justification for the deprivation, in spite of that risk." Thomas, 611 F.3d at 1150
24 (quoting Farmer, 511 U.S. at 844. The circumstances, nature, and duration of the deprivations are
25 critical in determining whether the conditions complained of are grave enough to form the basis
26 of a viable Eighth Amendment claim." Johnson, 217 F.3d at 731.

27       Here, Plaintiff has made conclusory statements regarding filthy cells, but does not
28 provide sufficient factual detail regarding the circumstances, nature and duration of the

deprivations. Further, Plaintiff has failed to allege that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Plaintiff will be given leave to cure these deficiencies.

### 3. False Disciplinary Report

Plaintiff appears to allege his rights were violated by a false disciplinary report. An inmate can state a cognizable claim arising from a false disciplinary report if the false report was done in retaliation for the exercise of his constitutional rights or if the inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings as provided in Wolff v. McDonnell, 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1874). See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.1997) (retaliation); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984) (finding that an allegation that a prison guard planted false evidence which implicated an inmate in a disciplinary infraction failed to state a claim for which relief can be granted where procedural due process protections are provided); Brown v. Leyva, 2009 WL 129879, *3 (E.D. Cal. Jan.20, 2009) (prisoner failed to state cognizable due process or retaliation claim based on allegedly false charges and reports); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D. Cal. Jan.8, 2009) (inmate's allegations that defendants conspired to fabricate a false criminal offense that resulted in his re-housing in administrative segregation failed to state a cognizable retaliation or due process claim).

Plaintiff has not stated a cognizable retaliation claim based on a false disciplinary report. Plaintiff has not asserted that the false disciplinary report was issued in retaliation for protected conduct or that he was denied any procedural due process protections. Plaintiff will be given leave to cure these deficiencies.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a claim upon which relief can be granted. As noted above, the Court will provide Plaintiff with an opportunity to amend his complaint and cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 18 and failure to state a claim upon which relief can be granted;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **January 13, 2015**         /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE